884 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Samuel J.M. DAVIS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 87-5736.
 United States Court of Appeals, Sixth Circuit.
 Sept. 15, 1989.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and RICHARD B. McQUADE, Jr., District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Samuel Davis, appeals the district court's judgment denying his motion to vacate his sentence pursuant to 28 U.S.C. 2255 (1982). For the reasons which follow, we affirm.
 
 I.
 
 2
 On October 24, 1986, Davis was convicted by a jury on multiple counts of mail fraud and interstate transportation of altered money orders. The United States District Court for the Western District of Tennessee, Judge Robert McRae presiding, conducted two sentencing hearings and ultimately sentenced Davis to twelve years imprisonment. After filing numerous post-trial motions, on March 18, 1987 Davis filed the instant action under 18 U.S.C. 2255 (1982) to vacate, set aside or correct his sentence.
 
 
 3
 In attacking his sentence, Davis claims that neither he nor his attorney had an opportunity to read the presentence investigation report and to challenge the factual inaccuracies contained in the report. In addition, Davis contends that the court failed to conduct an evidentiary hearing at the second sentencing hearing on December 19, 1986. Davis further contends that his court appointed counsel rendered ineffective assistance because the attorney: only briefly examined the presentence report; denied him a reasonable opportunity to review and challenge the presentence report prior to sentencing; and, failed to request an evidentiary hearing.
 
 
 4
 In examining Davis' challenge to his sentence, the district court stated that Davis' written challenge to the sentence was "a detailed, unsupported, self-serving explanation of his prior conduct including the voluminous section devoted to his prior criminal activity." J.App. at 3. The court noted that Davis failed to raise any claims of factual inaccuracies at the time of sentencing and that "[i]t would be impossible for this Court to make findings on the basis of the garbled information included in the attachment to the motion and the motion itself." Id. Thus, the court ruled that because Davis failed to notify the court at the time of sentencing that he wished to challenge the report, the court denied his motion to correct the presentence report.
 
 
 5
 With respect to Davis' claim of ineffective assistance of counsel, the district court stated that:
 
 
 6
 From the record in the cause [sic] including the attempt of the court-appointed attorney, Mr. Higgs, to seek to be dismissed and the meticulous approach that this very capable attorney, a former criminal court judge of the State of Tennessee pursued, this is ridiculous. The record will reflect that Mr. Higgs tried this case defensively to avoid the criticism and harassment which the defendant dispensed to all with whom he disagreed. That ground is dismissed as being frivolous.
 
 
 7
 Supp.J.App. at 38. Accordingly, on April 7, 1987, the district court denied Davis' motions to vacate and correct his sentence.
 
 II.
 Fed.R.Crim.P. 32(a)(1)(A) provides that:
 
 8
 Before imposing sentence, the court shall ...
 
 
 9
 (A) determine that the defendant and his counsel have had the opportunity to read and discuss the presentence investigation report ...
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 (C) address the defendant personally and ask him if he wishes to make a statement in his own behalf and to present any information in mitigation of the sentence.
 
 
 13
 In addition, Fed.R.Crim.P. 32(c)(3) provides that:
 
 
 14
 The court shall afford the defendant and the defendant's counsel an opportunity to comment on the report and, in the discretion of the court, to introduce testimony or other information relating to any alleged factual inaccuracy contained in it.
 
 
 15
 We agree with the district court's conclusion that Davis should have challenged the presentence report at the time of sentencing. In addition, reviewing the transcripts of the two sentencing hearing, it appears that Davis' attorney did in fact challenge the sentencing report. For example, at the October 1986 hearing the following colloquy occurred between the court and Davis' attorney (Mr. Higgs):
 
 
 16
 The Court: All right, have you seen the presentence report.
 
 
 17
 Mr. Higgs: Yes sir.
 
 
 18
 The Court: And has Mr. Davis had an opportunity to see it?
 
 
 19
 Mr. Higgs: Yes sir.
 
 
 20
 The Court: I'll be glad to hear from you in his behalf.
 
 
 21
 Mr. Higgs: You Honor, I'd like to make a very brief statement on his behalf, and Mr. Davis wants to make a statement to the Court in regard to the sentencing.
 
 
 22
 J.App. at 95-96. Likewise, at the December 19, 1986 sentencing hearing Mr. Higgs stated that: "I think in reviewing the presentence report ... the only thing I wish to point out is that Mr. Davis has had 45 arrests and 17 convictions. Our--my own assessment of that presentence report and my review of the arrest record and conviction record seems to indicate that he has served somewhere around seven years approximately over the last few years all total." Id. at 124. Because Davis should have raised any challenges to the presentence report at the sentencing hearing and because the record indicates that both Davis and his counsel read and discussed the presentence report, we reject Davis' challenges to the contents of the report.
 
 III.
 
 23
 Davis also contends that his attorney provided ineffective assistance during the sentencing hearings. In examining ineffective assistance of counsel claims, this court has stated that the " 'bench mark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversary process that the trial cannot be relied on as having produced a just result.' " Stamps v. Rees, 834 F.2d 1269, 1276 (6th Cir.1987), cert. denied, 108 S.Ct. 1279 (1988) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984)). Because there is no evidence in the record in this case that Mr. Higgs' performance was deficient or "fell below an objective standard of reasonableness," we reject this claim. Strickland, 466 U.S. at 688.
 
 IV.
 
 24
 Davis also accuses the Government of selective prosecution based on his race. Specifically he alleges that the Government selected only white victims in presenting his case even though there were also black victims. We agree with the district court's conclusion that this issue was no basis for a motion to vacate the sentence. Finally, Davis contends that the Government withheld key evidence from him at trial. Because Davis chose not to appeal his conviction in this case, we affirm the district court's dismissal of this claim.
 
 V.
 
 25
 For the reasons previously discussed, we accordingly affirm the judgment of the district court.
 
 
 
 *
 The Honorable Richard B. McQuade, Jr., District Judge for the Northern District of Ohio, sitting by designation